IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA DEANNE SHAYNE,

    Petitioner,　　　　　　　　　　No. CIV S-04-1492 MCE DAD P

    vs.

DEBORAH JACQUES, et al.,　　　　　　ORDER AND

    Respondents.　　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus. Respondents have moved to dismiss the petition on the grounds that it was filed beyond the one-year statute of limitations and is a mixed petition containing both exhausted and unexhausted claims. Petitioner has filed opposition to the motion as well as a response to respondents' reply.

                                          PROCEDURAL HISTORY

      Petitioner is confined pursuant to a judgment of conviction imposed on September 28, 2001, in Sacramento County Superior Court after a jury found her guilty of one count of assault resulting in the death of a child under eight years old, in violation of Penal Code § 273ab, and one count of second degree murder, in violation of Penal Code § 187(a). Petitioner received an indeterminate state prison term of 25 years to life for the § 273ab conviction and an

indeterminate state prison term of 15 years to life for the § 187(a) conviction.  (Pet. at 1; Resp'ts' Mot. to Dismiss at 2 & Ex. A.)

In an unpublished opinion filed January 7, 2003, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment.  Petitioner's petition for review by the California Supreme Court was summarily denied by order filed April 9, 2003.  Petitioner did not file a petition for writ of certiorari with the United States Supreme Court and did not file any state habeas petitions.  (Pet. at 1-2; Resp'ts' Mot. to Dismiss at 2 & Exs. B, C & D.)

## MOTION TO DISMISS AS BARRED BY THE STATUTE OF LIMITATIONS

### I. The Applicable Statute

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  The AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). The statute of limitations applies to the present case because petitioner's federal habeas petition was filed on July 29, 2004.

II. Application of § 2244(d) to the Facts of This Case

The California Supreme Court denied review on direct appeal on April 9, 2003. The ninety-day period during which petitioner could have filed a petition for writ of certiorari in the United States Supreme Court expired on July 8, 2003. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Petitioner's judgment became final for purposes of § 2244(d)(1)(A) on July 8, 2003. Because petitioner did not file any state habeas petitions, she is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). If the one-year period of limitation began to run on July 8, 2003, it ran without interruption by any statutory tolling until it expired on July 8, 2004, prior to the court's receipt of petitioner's federal habeas petition on July 29, 2004.

The undersigned has considered whether petitioner's federal habeas petition should be deemed filed on a date prior to July 29, 2004. In general, a document is "filed" when it is "delivered into the custody of the Clerk and accepted by the Clerk for inclusion in the official records of the action." Local Rule 1-101. An exception exists for pro se prisoners who deliver their documents to prison authorities for forwarding to the court. Houston v. Lack, 487 U.S. 266, 276 (1988); Saffold v. Newland, 250 F.3d 1262, 1265, 1268 (9th Cir. 2000), overruled on other grounds, Carey v. Saffold, 536 U.S. 214 (2002). This is so because prisoners who proceed without the aid of counsel are in a unique situation: they are unable to take the steps other litigants can take to monitor the filing of their documents, and they have no choice but to entrust their documents "to the vagaries of the mail and the clerk's process for stamping incoming papers." 487 U.S. at 270-71. Due to the fact that a prisoner's control over the processing of a document "necessarily ceases as soon as he hands it over to the only public officials to whom he has access–the prison authorities–and the only information he will likely have is the date he

1 delivered the [document] to those prison authorities," a document may be deemed to have been
2 filed at the time the prisoner delivered the document to prison authorities for forwarding to the
3 court clerk. Id. at 271-72, 276.

4     In order to benefit from the mailbox rule when filing a habeas petition, a prisoner
5 must meet two requirements: (1) the prisoner must be proceeding without assistance of counsel,
6 and (2) the prisoner must deliver the petition to prison authorities for forwarding to the court
7 clerk within the limitations period. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).
8 When both requirements are met, a habeas petition will be deemed filed at the moment it was
9 delivered to prison authorities for mailing to the court. Id.

10     In this case, petitioner was confined in Central California Women's Facility
11 ("CCWF") when her federal habeas petition was received by this court. The petition and an
12 accompanying application to proceed in forma pauperis are dated July 12, 2004. A typed
13 attachment to the form petition is dated July 23, 2004. Appended to the petition is a proof of
14 service indicating that a copy was mailed to the California Attorney General on July 20, 2004, by
15 a person employed at a business located in San Bernardino County. These documents do not
16 reveal whether petitioner delivered her habeas petition to prison authorities for mailing to the
17 court clerk, or whether she mailed the petition to another person for mailing to the clerk. The
18 dates on petitioner's documents establish conclusively, however, that she did not deliver her
19 federal habeas petition to prison authorities for mailing to the clerk on or before July 8, 2004.
20 See Stillman, 319 F.3d at 1202 (holding that the mailbox rule did not apply where the petitioner
21 did not deliver his petition to prison authorities within the limitations period and delivered the
22 petition for mailing to his lawyer, not to the clerk of the court); Miller v. Sumner, 921 F.2d 202,
23 203-04 (9th Cir. 1990) (holding that the prisoner could not benefit from the mailbox rule where
24 he placed his document in a regular mailbox at the prison instead of delivering the document to
25 prison authorities for posting to the court through the prison log system).
26 ////

Moreover, petitioner was not proceeding without assistance of counsel. In February 2004, petitioner obtained the assistance of Michele Kinser, a legal assistant who had been confined at CCWF in 2003 but who was released in February 2004. (Pet'r's Opp'n to Mot. to Dismiss at 2-3.[1]) Petitioner has offered a declaration in which Ms. Kinser states that she was under the supervision of Board-certified attorneys at all times after her release, working first for Robert Deller, an attorney located in Riverside, and then for the law firm of Brunick, McElhaney & Beckett, located in San Bernardino, and that under such supervision she prepared a federal habeas petition for petitioner proceeding pro se. (Id., Decl. of Michele Kinser.) "When a lawyer prepares legal documents on behalf of a prisoner and arranges for those documents to be signed and filed, the prisoner is not proceeding without assistance of counsel." Stillman, 319 F.3d. at 1201 (holding that the pro se prisoner was not entitled to the benefit of the mailbox rule where his appellate attorney declined to represent him on collateral review but prepared a state habeas petition and arranged for the prisoner to sign it). The fact that the habeas petition in this case was filed by a prisoner proceeding pro se does not change the fact that petitioner had the assistance of counsel in the preparation of her petition. See id. at 1201 & n.3 (citing California law defining the practice of law to include the preparing of legal documents and the giving of legal advice).

The undersigned finds that the mailbox is not applicable to petitioner's federal petition and that the petition was filed on July 29, 2004, three weeks after the statute of limitations expired pursuant to 28 U.S.C. § 2244(d)(1)(A).

In opposition to respondents' motion, petitioner concedes that the one-year period of limitation applies to her petition but contends that the time period "should be tolled based upon 28 USC Section 2244(d)(1)(B)." (Pet'r's Opp'n at 2.) Petitioner argues that the untimely filing was caused by a state-created impediment and wrongful conduct by a correctional officer employed at CCWF. In support of these arguments, petitioner offers the Kinser declaration, a

---

[1] The pages in petitioner's opposition filed December 30, 2004, are not numbered. The court will refer to pages as if they were numbered consecutively beginning with the first page.

copy of a government claim filed by Ms. Kinser and sixteen inmates, and a copy of a letter dated December 7, 2004, from Ms. Kinser's employer to the warden of CCWF concerning legal correspondence from Ms. Kinser to inmates housed at the institution. (Id., Kinser Decl. & Exs. A & B.) The gravamen of petitioner's arguments and evidence is that Correctional Sergeant Kim Seagle interfered with legal mail from Ms. Kinser to inmates at CCWF and in particular prevented petitioner from receiving her federal habeas petition from Ms. Kinser in time to file it within the period of limitation. Petitioner argues that extraordinary circumstances beyond her control made it impossible for her to file her petition on time and that but for the unlawful conduct of Sergeant Seagle the petition would have been timely filed.

Section 2244(d)(1)(B) is not a provision that tolls the running of the one-year period of limitation after that period has started to run. Section 2244(d)(1) provides that the one-year period of limitation for filing a federal habeas petition "shall run from the latest of" the four dates described in § 2244(d)(1)(A), (B), (C), and (D). Because petitioner's judgment became final for purposes of § 2244(d)(1)(A) on July 8, 2003, the one-year period shall run from that date unless petitioner is entitled to a later start date under one of the three alternative provisions.

Section 2244(d)(1)(B), the provision invoked by petitioner, provides for a limitation period running from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Petitioner has not shown that there was a state-created impediment to the filing of her habeas petition when her judgment became final. Accordingly, § 2244(d)(1)(B) does not provide petitioner with a date later than July 8, 2003, for the commencement of the period of limitation.

III.  Equitable Tolling

Petitioner's contentions concerning tolling, unlawful conduct by a prison official, and extraordinary circumstances are more appropriately considered as arguments supporting a request for application of the doctrine of equitable tolling.

Federal courts have applied the doctrine of equitable tolling in cases where a party was prevented from asserting a claim by wrongful conduct on the part of the opposing party as well as in cases where extraordinary circumstances beyond a party's control made it impossible to file a claim on time. See Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996). The Ninth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling, "but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (holding that the prisoner was entitled to equitable tolling where the district court improperly rejected his pro se habeas petition, lost the body of his original petition, and caused a lengthy delay between the prisoner's original attempt to file his petition and the first status conference in the case); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (holding that the prisoner was entitled to equitable tolling where prison officials delayed his request that a check be drawn on his trust account for payment of the filing fee); Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541-42 (9th Cir. 1998) (en banc) (holding that the prisoner was entitled to equitable tolling due to an earlier court-ordered stay of habeas proceedings, alleged mental incompetency, and the existence of timely habeas proceedings that were mistakenly dismissed); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (holding, in a death penalty case, that the withdrawal of court-appointed federal habeas counsel, who moved out of state and whose work product was not usable by replacement counsel, qualified as an extraordinary circumstance which justified tolling the statute of limitations), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998).

Equitable tolling is not routinely available in habeas corpus cases because district courts are expected to "take seriously Congress's desire to accelerate the federal habeas process."

Calderon (Beeler), 128 F.3d at 1288-89. See Corjasso, 278 F.3d at 877 (noting that the standard sets a "high hurdle" to the application of equitable tolling); Miles, 187 F.3d at 1107 (observing that equitable tolling is "unavailable in most cases"). Tolling of the AEDPA statute of limitations due to extraordinary circumstances is not available unless the petitioner has diligently pursued his or her claims. Calderon (Beeler), 128 F.3d at 1289.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, ___ U.S. ___, 125 S. Ct. 1807, 1814 (2005).[2]  Both elements must be established. Id. at 1815 (finding that the habeas petitioner in that case was not entitled to equitable tolling of the statute of limitations because he had not established the requisite diligence). "Grounds for equitable tolling under § 2244(d) are 'highly fact-dependent.'" Laws, 351 F.3d at 922 (quoting Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)). Whether the limitations period in a particular case should be equitably tolled depends on whether the petitioner has demonstrated the kind of extraordinary circumstances beyond the petitioner's control, making filing impossible, for which equitable tolling is available.

Petitioner contends that she was diligent and that extraordinary circumstances beyond her control made it impossible to file her federal habeas petition on time. Petitioner argues and offers evidence of the following: after the California Supreme Court denied review, petitioner was advised by appellate counsel that she could no longer represent petitioner; petitioner was unable to obtain representation by counsel but obtained the assistance of Michele Kinser, a legal assistant employed by Robert Deller, Attorney at Law, in February 2004; petitioner sent her appellate briefs and transcripts to Ms. Kinser on February 8, 2004; in May

---

[2]  In Pace, the Court observed that it has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations" but assumed without deciding its application for purposes of that case. 125 S. Ct. at 1814 n.8.

2004 Ms. Kinser's residence and her place of employment were searched by police for evidence of possible parole violations on the basis of allegations by Sergeant Seagle, an officer employed at CCWF, where Ms. Kinser had been confined and petitioner is confined; as a result of these events, Ms. Kinser lost her employment with Mr. Deller but obtained employment with the law firm of Brunick, McElhaney and Beckett; in May 2004 Sergeant Seagle issued a memorandum prohibiting all mail at CCWF to and from Ms. Kinser; as a result of the memorandum, petitioner's mail from Ms. Kinser was returned to sender or confiscated; on May 28, 2004, Ms. Kinser filed a state tort claim in which she alleged denial of access to the courts on behalf of petitioner and other inmates at CCWF; on June 30, 2004,[3] Ms. Kinser mailed a completed habeas petition to petitioner for signature and filing with the court; on July 10, 2004, petitioner notified Ms. Kinser that she had not received the petition; on July 22, 2004, Ms. Kinser sent a second petition, using a Brunick, McElhaney and Beckett envelope; petitioner received the petition, signed it, and mailed it to the court.  Petitioner argues that she would have received the petition from Ms. Kinser and filed it before the statute of limitations had expired, but for the actions of Sergeant Kinser.  (Pet'r's Opp'n at 1-6, Decl. of Michele Kinser, & Ex. A.)

Petitioner cites a case in which the court held that the intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer shortly before the filing deadline is extraordinary as a matter of law.  Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).  Petitioner argues that in her case, as in Valverde, extraordinary circumstances concerning her legal mail caused the untimely filing of her federal habeas petition.  Petitioner contends that the untimeliness was not caused by a lack of diligence on her part but by external forces outside her control.  Petitioner argues further that equitable tolling is warranted by the fact that it was unlawful conduct of prison staff that prevented the timely filing of her petition.

---

[3] The Kinser declaration indicates that the petition was first sent to petitioner on June 30, 2004.  It appears that the date is incorrectly cited as June 3, 2004, on page 3 of petitioner's Memorandum of Points and Authorities.

9

1    In reply, respondents argue that petitioner's equitable tolling argument lacks merit
2 because the pro se petitioner relied on a parolee legal assistant at her own peril and assumed the
3 risk of delays caused by such reliance.  Respondents cite cases holding that the petitioner gave
4 his papers to a jailhouse lawyer at his own peril, <u>United States v. Cicero</u>, 214 F.3d 199, 204
5 (D.C. Cir. 2000), the petitioner's reliance on alleged incompetent jailhouse lawyers did not
6 constitute cause for his procedural default, <u>Tacho v. Martinez</u>, 862 F.2d 1376, 1381 (9th Cir.
7 1998), and the petitioner could not use his decision to rely on a prison writ writer as an excuse
8 for filing a late petition, <u>Henderson v. Johnson</u>, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998).

9    Respondents also argue that Ms. Kinser received notice of the restrictions on mail
10 between inmates and parolees on November 24, 2003, well in advance of Ms. Kinser's attempt to
11 mail a habeas petition to petitioner on June 30, 2004.  Respondents offer a declaration by Kim
12 Seagle, who declares that she searched her records at the request of respondents' counsel "to
13 determine when former inmate and current parolee Michelle [sic] Kinser was first put on notice
14 of the California Department of Correction's [sic], hereinafter CDC, policy regarding inmate and
15 parolee correspondence." (Resp'ts' Reply to Pet'r's Opp'n, Decl. of Sgt. Kim Seagle ¶ 2.)  On
16 the basis of her research, declarant avers that

> on November 24, 2003, in response to unauthorized
> communication between Ms. Kinser and a jail inmate, [declarant]
> distributed a flyer to Ms. Kinser, while she was still an inmate of
> the CDC. . . .  The flyer provided Ms. Kinser with notification of
> the CDC's policy that, in pertinent part, inmates and parolees not
> correspond with each other unless prior authorization is obtained as
> set forth in the California Regulations, Title 15.

21 (Reply, Seagle Decl. ¶¶ 3-4.)  Respondents argue that Ms. Kinser insisted on sending mail to
22 petitioner despite prior knowledge of the restriction on such correspondence and that petitioner
23 "cannot now claim that she was impeded from timely filing her federal petition due to a
24 restriction of which prior knowledge was had." (Reply at 3.)

25    In response to respondents' reply, petitioner points to a case in which the
26 California Supreme Court held that the CDC could not prohibit correspondence between prison

inmates and a paroled union official.  In re Brandt, 25 Cal. 3d 136 (Cal. 1979).  Petitioner argues that, by analogy, a parolee employed as a legal assistant and acting within the scope of her employment cannot be prohibited from sending legal mail to an inmate.

Petitioner offers numerous declarations to support her contention that Sergeant Seagle's actions constituted misconduct rising to the level of extraordinary circumstances warranting equitable tolling.  Inmate Michelle Joe describes Sergeant Seagle's interference with her legal mail to and from Ms. Kinser in May and June 2004.  (Pet'r's Response to Reply, Decl. of Michelle Joe ¶¶ 8 & 9.)  Inmate Wilma Kilpatrick describes her attempt to mail medical records to Ms. Kinser at the law offices of Robert Deller on May 15, 2004, and her receipt of a notice from housing staff that a memo had been issued by Sergeant Seagle stating that no inmate mail was to be mailed out to Michele Kinser or the Law Offices of Robert Deller and no mail was to be received from Ms. Kinser or the Law Offices of Robert Deller.  (Id., Decl. of Wilma Kilpatrick ¶ 7.)  Ms. Kilpatrick also declares that on January 5, 2005, Sergeant Seagle told her if she continued to correspond with or attempted to call Ms. Kinser she would not get a parole date at her upcoming Board hearing.  (Id., Kilpatrick Decl. ¶ 9.)  Similarly, inmate Eleanor Gutierrez describes her attempt to mail medical records to Ms. Kinser at the Law Offices of Robert Deller on May 15, 2004.  (Id., Decl. of Eleanor Gutierrez ¶ 7.)  The medical records were returned to Ms. Gutierrez with a disciplinary chrono stating that she was not authorized to correspond with Ms. Kinser, and Ms. Gutierrez was advised that a memo had been issued by Sergeant Seagle disallowing mail to or from Ms. Kinser and to or from the law office where she worked.  (Id.)  Attorney Charles A. Peckham, a member of the law firm of Brunick, McElhaney and Beckett, states that Ms. Kinser consulted with him on July 11, 2004, about her attempt to send legal documents to petitioner for signature, and he instructed her to send petitioner another copy of the petition in one of the firm's envelopes.  (Id., Decl. of Charles A. Peckham ¶ 4.)  Ms. Kinser declares that she did not ever meet, speak with, or receive any correspondence from Sergeant Seagle and received no notice regarding correspondence between inmates and parolees until

December 2004 when she received a copy of an institutional memo on that subject from CCI Delgado. (Id., Decl. of Michele Kinser dated Feb. 21, 2005, & Ex. B.)

Petitioner's evidence establishes that (1) in February 2004 Ms. Kinser agreed to assist petitioner with the preparation of a pro se federal habeas petition; (2) a completed petition was mailed to petitioner for signature and filing on June 30, 2004; (3) on July 10, 2004, Ms. Kinser was notified that petitioner did not receive the petition; (4) on July 22, 2004, Ms. Kinser mailed a second copy of the petition to petitioner, in an envelope bearing the name of the law firm where Ms. Kinser is employed; (5) petitioner received the second copy of the petition and signed it; and (6) the signed petition was received for filing on July 29, 2004.  Respondents have not contested petitioner's evidence that Sergeant Seagle has repeatedly interfered with inmate mail to and from Ms. Kinser, as well as mail to and from Ms. Kinser's employers since April 2004.  Nor have respondents disputed the evidence that Sergeant Seagle issued a memorandum in May 2004 purporting to disallow mail to and from Ms. Kinser and the Law Offices of Robert Deller, where Ms. Kinser was then employed.  As a result of that memorandum, the completed habeas petition sent to petitioner on June 30, 2004, failed to reach petitioner.  A second copy mailed to petitioner on July 22, 2004, reached petitioner only because it was in an envelope bearing the name of Ms. Kinser's new employer, the law firm of Brunick, McElhaney and Beckett.

The undersigned finds that petitioner has demonstrated diligent pursuit of her claims along with the existence of extraordinary circumstances beyond her control that prevented her from filing a timely federal habeas petition between June 30, 2004, when Ms. Kinser mailed the completed petition to petitioner, and July 22, 2004, when Ms. Kinser sent petitioner a duplicate.  Federal courts routinely deny requests for equitable tolling based on pro se status, lack of legal training, restricted access to legal materials, and inadequate law libraries, because such circumstances are common to all prisoners and are not extraordinary.  A prison official's deliberate and unlawful interference with inmates' legal mail in violation of the constitutional

1  right of access to the courts cannot be viewed as a circumstance shared by all prisoners.  A prison
2  official's misconduct is extraordinary, like the circumstances that entitled petitioners to equitable
3  tolling in <u>Corjasso</u>, 278 F.3d at 877, where the district court improperly rejected the petitioner's
4  pro se habeas petition, lost the body of the original petition, and caused a lengthy delay between
5  the original attempt to file a petition and the first status conference in the case, in <u>Miles</u>, 187 F.3d
6  at 1107, where prison officials delayed the petitioner's request that a check be drawn on his trust
7  account for payment of the filing fee, in <u>Calderon (Kelly)</u>, 163 F.3d at 541-42, where there had
8  been an earlier court-ordered stay of habeas proceedings, mental incompetency was alleged, and
9  timely habeas proceedings were mistakenly dismissed, and in <u>Calderon (Beeler)</u>, 128 F.3d at
10  1288-89, where court-appointed federal habeas counsel withdrew and moved out of state, leaving
11  a work product that was not usable by replacement counsel.  <u>See</u> <u>also</u> <u>Lott v. Mueller</u>, 304 F.3d
12  918, 924 (9th Cir. 2002) (holding that a prisoner's lack of access to his legal files for reasons
13  beyond his control may justify equitable tolling if the lack of access made it impossible for the
14  prisoner to file his federal habeas petition in a timely manner); <u>Brooks v. Olivarez</u>, No. C 98-134
15  MJJ (PR), 1998 WL 474160, at *2 n.2 (N.D. Cal. Aug. 5, 1998) (finding it appropriate to toll a
16  specific period of time when the prisoner was prevented from working on his petition through no
17  fault of his own).

18        The undersigned finds that petitioner is entitled to equitable tolling from June 30,
19  2004, to July 22, 2004, on the ground that Sergeant Seagle's unlawful interference with inmates'
20  legal mail during that time constituted an extraordinary circumstance beyond petitioner's control.
21  If the statute of limitations is equitably tolled for 22 days, the limitation period is extended from
22  July 8, 2004, to July 30, 2004, and the petition received by the court on July 29, 2004, was filed
23  within the statute of limitations.  On the basis, respondents' motion to dismiss the petition as
24  barred by the statute of limitations should be denied.
25  /////
26  /////

MOTION TO DISMISS THE PETITION AS MIXED

Respondents seek dismissal of the petition as a mixed petition containing exhausted and unexhausted claims. Respondents note that petitioner has alleged three grounds for relief in her federal habeas petition:

> (1) petitioner's third statement to law enforcement was inadmissible because it was the product of an involuntary second statement;
>
> (2) the voluntary manslaughter instruction incorrectly included an intent to kill requirement; and
>
> (3) the trial court erred by refusing to instruct on felony child abuse and endangerment and in omitting an instruction on the lesser included offense of assault with force likely to cause great bodily injury.

(Pet. at 4-5.) Petitioner filed one petition in the California Supreme Court, her petition for review on direct appeal. Petitioner raised the following grounds in her petition for review:

> (1) petitioner's statement to law enforcement on October 14, 1998, was coerced and it was error to admit the statement at trial;
>
> (2) the Lasko error concerning the voluntary manslaughter instruction was prejudicial;
>
> (3) insufficient evidence of the corpus delicti; and
>
> (4) § 273ab is unconstitutional.

(Resp'ts' Mot. to Dismiss, Ex. C.) Respondents contend that the grounds raised in the California Supreme Court served to exhaust only the first and second grounds for relief alleged in petitioner's federal habeas petition. Respondents assert that the court is required to dismiss the federal habeas petition for failure to exhaust available state remedies on all claims, with leave to amend the petition to delete the unexhausted claim. On the basis of their motion to dismiss the action as barred by the statute of limitations, respondents further argue that the action should be dismissed with prejudice. Petitioner did not address the exhaustion issue in her opposition to the motion to dismiss, or in her response to respondents' reply. In her habeas petition, petitioner failed to state whether any of her claims were not previously presented in any other court.

14

A federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state court remedies with respect to each claim raised in the petition. Rose v. Lundy, 455 U.S. 509, 516 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id. at 522; Schwendeman v. Wallenstein, 971 F.2d 313, 315 (9th Cir. 1992). A petitioner satisfies the federal exhaustion requirement by fairly presenting to the state's highest court all federal claims before he presents them to a federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996). The petitioner must alert the state courts that a claim under the United States Constitution is being presented. Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (citing Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)); see also Duncan, 513 U.S. at 365-66 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

Respondents have demonstrated that the third ground for relief alleged in petitioner's federal habeas petition has not been presented to the California Supreme Court. Petitioner's federal habeas petition is therefore a mixed petition containing unexhausted jury instruction claims. The undersigned will recommend that respondents' motion to dismiss be granted with leave to file an amended petition that omits the unexhausted claims.

If the recommendations set forth below are adopted and petitioner files an amended petition alleging only exhausted claims, petitioner may move for a stay of this action while additional claims are exhausted. See Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528, 1534-35 (2005) (upholding the district court's discretion to stay a federal habeas proceeding to allow the petitioner to present unexhausted claims to the state court where there is good cause for petitioner's failure to exhaust all claims in state court before filing a federal habeas petition); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist.

Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) (recognizing the district court's authority to allow a petitioner to amend a mixed petition to delete unexhausted claims and hold the completely exhausted petition in abeyance).  No motion to stay may be filed until the district judge rules on the pending motion to dismiss and instructs petitioner on how to proceed.

        Accordingly, IT IS HEREBY ORDERED that:

    1. Respondents' request to substitute Deborah Jacquez for respondent Gwendolyn Mitchell is granted;

    2. The Clerk of the Court shall amend the docket to reflect the substitution; and

    IT IS RECOMMENDED that:

    1. Respondents' October 13, 2004 motion to dismiss the action as filed in violation of the statute of limitations be denied; and

    2. Respondents' October 13, 2004 motion to dismiss the petition as a mixed petition be granted with leave to amend.

    These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2005.

                              /s/ Dale A. Drozd
                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE

DAD:13
shay1492.mtd